**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROGER M. MARSH, )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>    **Defendant.** ) | Case No. CIV-04-757-M |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying his application for supplemental security income benefits. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

**I. PROCEDURAL HISTORY**

Plaintiff filed his application for supplemental security income benefits on April 1, 2002, with a protective filing date of March 19, 2002. Tr. 53, 54-55. Plaintiff alleges a disability onset date of August 2, 2001.[1] The application was denied on initial

---

[1] In his application, Plaintiff alleged a disability onset of November 1, 1994, Tr. 54, but he filed a motion herein expressing his desire to amend his disability onset date to August 2, 2001. [Doc. No. 21].

consideration and on reconsideration at the administrative level. Tr. 21, 22, 23-25, 28-29. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on October 8, 2003. Tr. 30, 206-36. Plaintiff appeared with his attorney, and offered testimony in support of his application. Tr. 208, 209-24. A vocational expert also testified at the request of the administrative law judge. Tr. 47-48, 222, 224-35. The administrative law judge issued his decision on December 23, 2003, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that he was thus not entitled to benefits. Tr. 10-12, 13-19. The Appeals Council denied Plaintiff's request for review on April 27, 2004, and thus the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-8.

**II. STANDARD OF REVIEW**

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process

to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. at 751.

## III. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. Tr. 14. He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14, 18. At steps two and three, the administrative law judge found that Plaintiff suffered from osteomyelitis of both knees, left knee replacement with infection, and hip pain, and that although these impairments were severe they were not severe enough to meet or equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. Tr. 15, 18. The administrative law judge specifically considered Listing 1.02. Tr. 15. At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff could not perform any of his past relevant work. Tr. 17, 19. At step five, the administrative law judge found that for a person with Plaintiff's residual functional capacity and vocational factors, the Medical-Vocational Guidelines, Rules 202.21 and 201.21 direct a finding of not disabled. Tr. 18, 19. Thus, the administrative law judge concluded that Plaintiff was not under a disability and was not entitled to benefits. Tr. 18, 19.

## IV. DISCUSSION

Plaintiff raises three errors on appeal. First, he claims that the administrative law judged erred in his credibility analysis. Second, he claims that the administrative law judge failed to include a limitation in the residual functional capacity (RFC) assessment related to Plaintiff's need to elevate his legs to alleviate swelling. Finally, he claims that the administrative law judge's inclusion of limitations of either limited standing or insignificant standing is vague and nonspecific, and is insufficient to determine the extent of the limitation. Because the undersigned agrees that errors with regard to the credibility analysis require a remand for further proceedings, it is unnecessary to address the other issues raised by Plaintiff.

Plaintiff contends that the administrative law judge erred in his credibility assessment in that he relied on Plaintiff's daily activities in the form of limited shopping and cooking and care for personal grooming in rejecting Plaintiff's credibility. The Commissioner responds that the administrative law judge properly assessed Plaintiff's credibility and that the medical evidence and Plaintiff's daily activities were considered in reaching the finding regarding Plaintiff's credibility. Commissioner's Response to Plaintiff's Amended Brief, p. 3. She also contends that credibility determinations are within the province of the administrative law judge, and warrant particular deference. Id. at 2-3.

Credibility determinations are indeed the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990);

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same). The standard for reviewing allegations of disabling pain is also well established; the administrative law judge must consider (1) whether Plaintiff has established a pain-producing impairment by objective medical evidence; (2) if so, whether there is at least a "loose nexus" between the impairment and Plaintiff's subjective allegations of pain; and (3) if so, whether, considering all of the evidence, both objective and subjective, Plaintiff's pain is in fact disabling. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). In this case, the administrative law judge apparently concluded that Plaintiff did have an impairment that could reasonably be expected to cause pain, as he went on to consider if his pain was in fact disabling. Tr. 16-18.

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1. Some of the factors that may be considered in assessing a claimant's credibility as to disabling pain include (1) daily activities; (2) the location, duration, frequency, and intensity of pain; (3) factors that precipitate and aggravate the pain; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of pain; (5) treatment, other than medication, the claimant has received for relief of pain; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Social Security Ruling 96-7p, 1996 WL 374186, at *3; 20

C.F.R. § 416.929(c)(3); Luna, 834 F.2d at 164-66. In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). He is not, however, required to undertake a factor by factor analysis and discuss every piece of evidence in the record. Id. In this case, the administrative law judge first found that Plaintiff's "allegations of disabling pain and discomfort are not supported by credible facts and findings from which it can be concluded that he has an impairment that could reasonably be expected to cause the degree of pain and discomfort which he alleged,"[2] and then continued:

> The evidence does not indicate that the [Plaintiff] suffers from side effects of medication resulting in an inability to work. There is no indication that his daily activities were curtailed to an extent that would suggest an inability to engage in all work activity. He is able to cook, shop, and care for personal grooming. Although the [Plaintiff] did experience some pain and discomfort, the Administrative Law Judge was not persuaded that it rose to a level of severity and was of such duration and intensity to preclude him from engaging in all substantial gainful activity.

Tr. 16.[3] Earlier in the decision, the administrative law judge noted Plaintiff's testimony that he "cooks simple meals, shops some days if his knee is not swelling, and spends most of a day resting, and elevating his legs." Tr. 16. The administrative law judge found

---

[2] This statement is confusing as it appears that the administrative law judge found that Plaintiff did not establish a pain-producing impairment by objective medical evidence, the first step in the Luna analysis. To the extent this is what the administrative law judge intended by his statement, the finding is not supported by substantial evidence as the medical evidence clearly shows that Plaintiff suffers from osteomylitis of both knees, certainly a pain-producing impairment.

[3] The administrative law judge never specifically acknowledged the factors relevant to the credibility analysis when making his finding regarding Plaintiff's allegations of pain, Tr. 16, but later in the decision recited the rule that in making an assessment as to a claimant's residual functional capacity, the administrative law judge "must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based upon the requirements of 20 C.F.R. § 416.929, and Social Security Ruling 96-7p." Tr. 17.

that Plaintiff had the RFC to perform sedentary work, and some light work with "limited standing requirements." Tr. 17.

Plaintiff argues that the Tenth Circuit has held that the sporadic performance of daily activities does not establish that a person is capable of engaging in substantial gainful activity. Plaintiff's Amended Brief, p. 10. Plaintiff points to his testimony at the administrative hearing regarding the specifics of his daily activities, in which he stated that he "eat[s] out of a can quite a bit," and "if my knees are feeling halfway decent, I might even cook a steak sometimes. So - - ." Tr. 220. He also stated that on "some days, I can go to the store and do my shopping, if it doesn't take over, maybe, 20 or 30 minutes. Sometimes, I have to wait for a week or two to even go to the store, because my legs are incapacitated at the time." Tr. 220. He stated that if "I get up and my legs are feeling halfway decent that morning, I'll have a friend come over and go to the store, quite - - I mean - - right - - like right then. So  - - ." Tr. 220-21.  He stated that on those days the good feeling "doesn't last long" and that a next door neighbor "does a lot of my grocery shopping for me."  Tr. 221.

The Commissioner responds that the administrative law judge did not completely discount Plaintiff's allegations of pain, but found that he was not so incapacitated that he could not meet the demands of sedentary work. Commissioner's Response to Amended Brief, p. 3. The Commissioner submits that Plaintiff's activities "while modest," were more consistent with an ability to do sedentary work than with his claims of "extreme incapacity." Commissioner's Response to Amended Brief, p. 4.  She points out that in his application documents, Plaintiff stated that he could clean his apartment,

7

cook, wash dishes, and sweep his carport, and also stated that he shopped for food, and visited relatives. Id. In reply, Plaintiff contends that he also stated on his application form that he is single and lives in an efficiency apartment, and moreover, that his testimony was that his condition had worsened since the time he filled out the application. Plaintiff's Reply Brief, p. 2.

The point of assessing daily activities is to determine what usual daily tasks a claimant undertakes voluntarily in order to see if his "self-imposed" limitations are commensurate with his alleged degree of pain. See Social Security Ruling 96-7p, 1996 WL 374186 at *8. However, it is well-established that an administrative law judge may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain. Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004). Although credibility determinations are generally entitled to considerable deference, Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995), the administrative law judge here relied almost exclusively on what can only be described as very minimal daily activities.

Not only did the administrative law judge rely upon minimal daily activities in reaching his credibility finding, his description of Plaintiff's daily activities was perhaps overstated in light of Plaintiff's testimony. For example, the administrative law judge states that Plaintiff is able to "shop," whereas Plaintiff actually testified that he can go to the store on "some days," that even then he calls a friend to come over and go with him, that he sometimes has to wait a week or two to go to the store because of pain, and that a neighbor does a lot of his grocery shopping for him. Tr. 220-21. The administrative law judge stated that Plaintiff can cook, whereas Plaintiff testified that he "eats out of a can

quite a bit" and cooks a steak "sometimes." Tr. 220. Thus, to the extent the administrative law judge relied upon these daily activities in finding Plaintiff's claims regarding pain less than credible, that finding was not supported by substantial evidence.

In making his credibility finding, the administrative law judge also stated that "the evidence does not indicate that the claimant suffers from side effects of medication resulting in an inability to work." Tr. 16.  The administrative law judge failed to link this factor to any evidence in the record, and it is not otherwise referred to in the decision. The only reference the undersigned has found to side effects in the record is on the Disability Report completed by Plaintiff in which he stated that the Darvocet he takes for "extreme pain" makes him "light headed," and that Relafon irritates his stomach. Tr. 69. Assuming that this is the evidence to which the administrative law judge refers, the undersigned finds that the credibility analysis is still not supported by substantial evidence. "[B]y failing to adequately consider (or show us that he has considered) the other required factors, the [administrative law judge] did not provide the documentation necessary to give [P]laintiff a full and fair review of h[is] claim and to ensure a well-reasoned decision." <u>Alexander v. Barnhart</u>, No. 02-5046, 2003 WL 22087496, at **5 (10th Cir. Sept. 2, 2003) (citation omitted).[4]  The administrative law judge never specifically acknowledges the factors to be considered in making an assessment of subjective allegations, such as pain, and there is certainly no indication that he applied those factors.  Although he is not required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record, he should consider those factors that were

---

[4]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

9

supported by the record. See Winfrey v. Chater, 92 F.3d 1017, 1021 (10th Cir. 1996). Here, without any statement that he had considered the evidence in light of the Kepler factors, the administrative law judge only discussed two pieces of evidence – Plaintiff's daily activities and the side effects of his medication. Conversely, he failed to discuss factors made relevant by the record, such as the number of reports by Plaintiff to his physicians regarding pain, observations of the consultative examiner, gaps in treatment, the Plaintiff's recent treatment with Supartz injections for pain, etc. With regard to this last factor, the undersigned notes the additional obligation of the administrative law judge to discuss the significantly probative evidence supporting claimant's allegations upon which he chose not to rely. See Hayden v. Barnhart, 374 F.3d 986, 993-994 (10th Cir. 2004).

Finally, the Commissioner argues that the administrative law judge did not completely discount all of Plaintiff's allegations, but instead determined that he could meet the demands of sedentary work despite his pain. Commissioner's Response to Amended Brief, p. 3. However, this does not affect the error related to the lack of substantial evidence and, moreover, the administrative law judge's finding regarding Plaintiff's allegations of pain is not specifically linked to his residual functional capacity assessment. Thus, it is simply impossible to tell with any certainty what weight the administrative law judge assigned to Plaintiff's allegations of pain, and specifically how that weight affected the residual functional capacity assessment. Thus, the Commissioner's argument would force the Court to engage in an inappropriate "post hoc effort to salvage" the administrative law judge's decision, requiring the Court to overstep

its "institutional role and usurp essential functions committed in the first instance to the administrative process." <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir. 2004).

In light of the foregoing, it is recommended that this matter be reversed and remanded so that a proper credibility analysis can be conducted.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of the Social Security Administration should be reversed and the matter be remanded for further administrative proceedings. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 27, 2005, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1. This Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 7th day of July, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE